tion of the building at issue where plaintiff fell (*see Rousseau v Gugliuzza*, 285 AD2d 993, 993; *Davison v Wiggand*, 259 AD2d 799, 801, *lv denied* 94 NY2d 751). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of ACADEMY HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al., Respondents. (Proceeding No. 1.) In the Matter of ACADEMY HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al., Respondents. (Proceeding No. 2.) (Appeal No. 1.) [748 NYS2d 127] —Appeals from an order of Supreme Court, Jefferson County (Gilbert, J.), entered April 12, 2001, which denied petitioner's motion for leave to file a new appraisal report.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Jefferson County, Gilbert, J. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of CLAYTON HOUSING ASSOCIATES, Appellant, v TOWN ASSESSOR OF TOWN OF CLAYTON et al., Respondents. (Proceeding No. 1.) In the Matter of CLAYTON HOUSING ASSOCIATES, Appellant, v TOWN ASSESSOR OF TOWN OF CLAYTON et al., Respondents. (Proceeding No. 2.) (Appeal No. 2.) [748 NYS2d 127] —Appeals from an order of Supreme Court, Jefferson County (Gilbert, J.), entered April 12, 2001, which denied petitioner's motion for leave to file a new appraisal report.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Jefferson County, Gilbert, J. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of COPENHAGEN HOUSING ASSOCIATES, Appellant, v TOWN ASSESSOR OF TOWN OF DENMARK et al., Respondents. (Proceeding No. 1.) In the Matter of COPENHAGEN HOUSING ASSOCIATES, Appellant, v TOWN ASSESSOR OF TOWN OF DENMARK et al., Respondents. (Proceeding No. 2.) (Appeal No. 3.) [748 NYS2d 127] —Appeals from an order of Supreme Court, Jefferson County (Gilbert, J.), entered April 12, 2001, which denied petitioner's motion for leave to file a new appraisal report.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for

reasons stated in decision at Supreme Court, Jefferson County, Gilbert, J. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of EASTERN HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al., Respondents. (Proceeding No. 1.) In the Matter of EASTERN HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al., Respondents. (Proceeding No. 2.) (Appeal No. 4.) [748 NYS2d 127] —Appeals from an order of Supreme Court, Jefferson County (Gilbert, J.), entered April 12, 2001, which denied petitioner's motion for leave to file a new appraisal report.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Jefferson County, Gilbert, J. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of PHILADELPHIA HOUSING ASSOCIATES, Appellant, v TOWN ASSESSOR OF TOWN OF PHILADELPHIA et al., Respondents. (Proceeding No. 1.) In the Matter of PHILADELPHIA HOUSING ASSOCIATES, Appellant, v TOWN ASSESSOR OF TOWN OF PHILADELPHIA et al., Respondents. (Proceeding No. 2.) (Appeal No. 5.) [748 NYS2d 127] —Appeals from an order of Supreme Court, Jefferson County (Gilbert, J.), entered April 12, 2001, which denied petitioner's motion for leave to file a new appraisal report.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Jefferson County, Gilbert, J. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.

■ MELINDA M. MILLER et al., Respondents, v THOMAS G. REYNOLDS et al., Appellants. [747 NYS2d 873] —Appeal from an order of Supreme Court, Oswego County (McCarthy, J.), entered June 13, 2001, which granted plaintiffs' motion, set aside the verdict with respect to damages and ordered a new trial on damages for past pain and suffering only unless the parties stipulated to increase the verdict to $45,000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict with respect to damages is reinstated.

Memorandum: Melinda M. Miller (plaintiff) injured her left shoulder in an automobile accident, and plaintiffs commenced